I cannot hold that the Prendergasts made a clear showing that the trial court abused its discretion. Ex parte McKinney,515 So.2d 693 (Ala. 1987). Therefore, I would not grant the Prendergasts' petition for the extraordinary writ of mandamus.
Insofar as the contract that contained the arbitration clause is concerned, the following is all that Knobloch, Inc., did: On August 24, 1994, Knobloch, Inc., filed an answer and a counterclaim. On September 22, 1994, it responded to a discovery request, made a demand for arbitration, and filed a motion to enforce the arbitration provision in the contract.
Merely answering on the merits and asserting a counterclaim, or participating in discovery, without more, does not constitute a waiver, unless the other party is prejudiced by such an action. Ex parte Costa Head (Atrium), Ltd.,486 So.2d 1272, 1277 (Ala. 1986). Where was the prejudice to the Prendergasts? There was none. This case is clearly distinguishable from Huntsville Golf Development, Inc. v. AetnaCasualty Surety Co., 632 So.2d 459 (Ala. 1994). The Prendergasts had no clear legal right to the order sought and there was no imperative duty upon the trial court to perform; therefore, there should be no writ of mandamus issued.
I respectfully dissent.
MADDOX, J., concurs.